Argument 22-2041 Abago Technologies v. Netflix Dan Young, Corals & Brady, Abago Technologies Dan Young, Corals & Brady, Abago Technologies v. Netflix Good morning, and may it please the Court, Chris Ponder for Appellee Netflix. I'd like to start with the substantial evidence that supports the Board's finding that Norhouse's Figure 3 satisfies Limitation 1B, because Norhouse is- Well, I'd rather you start with the question that we were struggling with, which is, is this appeal related to claim construction or related to the application of claim construction to a piece of prior art? Netflix believes the issue here is substantial evidence, whether substantial evidence- That's not what I asked. I didn't ask what you thought the standard of review was. I asked you whether you thought this appeal was an appeal of claim construction or whether you think this appeal is an appeal of the application of claim construction to a particular prior art reference. Believe it's the application of the claim language to the prior art reference. Okay, so would you- The one thing that jumped out at me that caused me pause when I read the Board's opinion is that sort of statement that seems strange to me that the prosecution history is irrelevant. Irrelevant, that's a big word. If this were claim construction, if I understood this to be a question of claim construction, would you agree the prosecution history is always relevant to a claim construction analysis? Yes, I believe the prosecution history is always relevant in a claim construction analysis, Your Honor. I think so too, and so that's why I was trying to tease out in this argument whether or not this was a claim construction appeal because then that statement by the Board would really bother me, or is it the application of a determined claim construction, which is not an appeal to a particular prior art reference, in which case that statement, I don't think, bothers me as much? Yes, Your Honor, and I believe if you're referring to the statement on page 36 of the final written decision, and if I may, I'd like to explain how that statement in the context of what the Board was addressing there was actually the issue Judge Dyke raised about whether it's proper to compare prior art to prior art. I believe that is exactly what the Board was saying, and if we can turn to 36. Can I just ask, why would it be irrelevant to compare prior art to prior art, theoretically? I'm not talking about this case, but in general, suppose that you had a continuation application, right? So these two pieces of prior art have identical specs. Wouldn't there be a problem with the Board saying that the identical language verbatim, the entire spec is identical, the claims were allowed over it because that doesn't meet the limitation, but then in an IPR, the exact same spec comes back, and the Board says these claims are invalid in light of it. That feels wrong to me. I'm not really sure how to work through it in my head. Well, I think if we had those facts here, but we do not have those facts. This is not an issue where you can take Pruitt and compare it directly to Norhouse and say, oh, it's the exact same language. The difference between Norhouse and Pruitt is Norhouse has the teaching that the server makes the selection, and that's made clear in paragraph 28, and in comparison. Oh, let me tell you, I agree with you. I agree with everything you're saying. You got a friendly judge here, all right? But the one thing that troubles me is that goes to the merits of why it's okay for the Board to reject the comparison, but it doesn't go to that relevance question because what you just sort of conceded is, well, maybe there are circumstances where it is in fact relevant, and that makes me uncomfortable. I agree with you, and I think the Board gave us enough analysis that I can probably decide the case exactly the way you articulated it, but do you see my concern? I can imagine hypothetical scenarios where it would surely be relevant. It's not completely irrelevant, but I don't know, what are your thoughts on that? I mean, I think the problem here is that we don't really have a dispute over what the claim language says or what the claim language means. That has to be determination by the client. Well, there'd have to be such a comparison if this were a claim construction exercise, right? That's exactly what you would do in claim construction, looking at the prosecution history to see what the prior art was and how it was overcome. That would be highly relevant in claim construction, but if it's not claim construction, it would seem not to be relevant. I believe that's correct, Judge Dyke, that in claim construction, trying to find out the meaning of the claims, you would look at the prior art reference that was distinguished or discussed in the prior art history as opposed to the prior art reference that you're adjudicating the invalidity over. Okay, but now we're gonna go back because I feel like, quite frankly, you said yes to both of us, and I think that's not probably possible, but what I'm trying to figure out here is, is it irrelevant? My example, it's not claim construction, the board issues a claim construction, everybody's okay with the claim construction, and then the piece of prior art is identical because it's a continuation application, so the spec's identical, and once the claim's allowed, and the next time it's rejected or rendered invalid, and it seems like it would be relevant, like the degree of identicality between the reference over which the claim was allowed and the reference that the claim is now denied on, even in the application process, that's where I'm struggling, I'm struggling just, the concept of relevance, I'm not actually struggling with your case, at least from my perspective, you're gonna win, but, so, and I can only speak for myself, but what I'm struggling with is just the giant concept that it's never relevant, and I think you nailed it for me, which is that's not the way they were saying relevance, they were saying it's not relevant to have to compare these two prior art references, maybe, I'm just worrying, I'm wondering how broad or how narrow that relevant finding was by the board. Well, I would say, it seems in your hypothetical, we're talking about the continuation application, so presumably there's some difference in the language, and then you're having the same prior art reference asserted against the different applications, the earlier application is successful, then you have this later continuation. In the continuation application example, I think you gave, you're looking at the prior art reference, again, to figure out, well, what is the difference in the claim scope between the parent application and the continuation, so that's more in the claim construction context, as opposed to applying the claim language. No, you wouldn't be looking at the claim scope, the claim scope's irrelevant, it's all about the disclosure, who cares what the prior art claims, it's about what the spec discloses, that's what's gonna be used as the prior art, so I don't think that's the right answer, but I don't know what the right answer is, I don't think that's it, or maybe I didn't understand it, if you wanna try again, go for it. Okay, well, I think the other difference is that you're having a reference that's been squarely addressed in two different proceedings, and you're looking for consistency in the analysis of the disclosure in one particular prior art reference against the other. Yeah, so maybe it's like an arbitrary and capriciousness argument, almost. I'm just trying to figure out what to do, in my mind, with hypotheticals I can come up with, where I think it might be relevant, but, I don't know. Isn't it your point that the board didn't make a broad generalization? It simply said, we don't agree that Pruitt's disclosure in the board's decision regarding Pruitt are relevant to the determination of whether the claim subject matter would have been obvious over Nauer, Hayes, and Lai, under 103, that's a very specific statement regarding these claims and these references. I believe that's correct, Judge Delorey, and just to go back to page 36. It's a narrow thing, the board didn't say, it's never relevant to consider a piece of prior art and how likely it is to the other piece of prior art, even in the application stage, they did not conclude, just to be clear, that that is always irrelevant or should be treated as irrelevant. I believe that's correct, I think when you look at the paragraph immediately preceding the sentence that we're concerned about, we see that what is the patent owner asserting in the argument that they're looking at is this argument that one, they say, one, petitioner has established no material difference between their respective disclosures of Pruitt and Norhouse, basically. Compare Pruitt and Norhouse, there's no difference. Two, Avogadro says the board's decision on appeal was correct. And three, based on those two factors, you should find that the claim has overcome. So, that was the argument they were saying, and they were saying, that's not relevant to what we're supposed to do here under 103. And it's clear when you look at the second sentence after they said that, they say, as correctly pointed out, petitioner, what is relevant to the obviousness in this inquiry is the scope and content of the asserted prior art in Norhouse. Thank you, that clarified quite a bit for me. Do you have anything further that you'd like to add? Unless there are any other questions, we're fine. Very good. Mr. Young, you have some rebuttal time. Thank you, Your Honor. Taking a step back, in my mind, the big picture is the scope and the scope of the second element of Claim 1 and its application. So, the first thing you do is define the scope. The scope is plain and ornery meaning as informed by the intrinsic evidence, including the prosecution history. Well, that's claim construction. Right. You said this is not a claim construction appeal. You said this is the application stage. That's right, that's where we started. That's where the questions started, where my questions started. And I thought that you put to rest which side of the line this appeal is on. Yes, Your Honor. It is the application of the claim construction, which the first thing is to figure out the scope. And when the board was applying the claim construction under the plain and ornery meaning as informed by the intrinsic evidence in that application, the board found that this evidence involving Pruitt, their expert's acknowledgment that Pruitt and Naurahay's operate the same, the board said that is irrelevant. And the point is, when you look at the Naurahay's reference with respect to its application, or its comparison to claim two, the same things that are going on in Pruitt, the same things that are going on in Naurahay's. And there was no findings that Naurahay's, that selection process was materially different as it relates to the claims. Yes, it does identify the best available server, but then the reference says that the client still has to make that decision. If the client makes the decision that it doesn't fall within the scope of limitation two, which was added during prosecution to get around the exact same type of system and distinguish it. And again, take the scope of the claim and narrow it from a claim scope that could cover both figures one and two of the patent down to a smaller scope, which would exclude the situation where the client is the one making the final selection to use the server to receive the web server So it is the application of the claim construction applied to Naurahay's, but that application is still informed by the intrinsic evidence. And the reason that the limitation, the second part of limitation two was added to is to get around the exact type of system that Pruitt discloses. So I know that I'm out of time, but if you have any other questions, I'm happy to answer. We thank both counsel for the argument. And this case is taken under submission.